IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| **COOPER LEGGETT** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 2:24-cv-67-HSO-LGI** |
| | § | |
| | § | |
| **WAYNE COUNTY, et al.** | § | **DEFENDANTS** |

## ORDER GRANTING DEFENDANT WAYNE COUNTY BOARD OF SUPERVISORS' MOTION [13] FOR JUDGMENT ON THE PLEADINGS

BEFORE THE COURT is Defendant Wayne County Board of Supervisors' Motion [13] for Judgment on the Pleadings, seeking dismissal of Plaintiff Cooper Leggett's claims against it because it is not an entity that can be sued separately from Defendant Wayne County. Based upon the Court's review of the pleadings and relevant legal authority, it finds that Defendant Wayne County Board of Supervisors' Motion [13] for Judgment on the Pleadings should be granted.

### I. BACKGROUND

On April 2, 2024, Plaintiff Cooper Leggett ("Plaintiff") filed suit in the Circuit Court of Wayne County, Mississippi, naming as Defendants Wayne County, Mississippi, Wayne County Board of Supervisors,[1] Hal Hayes, Marvin Chapman, Joe Dyess, Jerry Hutto, Andrew Chapman, Gary Malone, Keith Clay, and Henry Cooley. *See* State Court Record [1-2] at 1-6. Defendants removed the case to this Court on April 29, 2024. *See* Not. [1]. This dispute arises out of the cessation of

---

[1] Defendant Wayne County Board of Supervisors is only named in the caption of the Complaint; it is not referred to in the body of the Complaint. *See* State Court Record [1-2] at 1-6.

payment to Plaintiff for his role as Defendant Wayne County Board of Supervisors' board attorney. State Court Record [1-2] at 1-6. Plaintiff contends that he "had a protected property interest in his position with Wayne County" and his pay was unlawfully suspended at an "illegal meeting" without due process in violation of the Fourteenth Amendment to the United States Constitution. *Id.* at 3-6. Plaintiff also asserts a state law breach of contract claim for unpaid wages exceeding $65,000.00. *Id.* at 3-5.

Defendant Wayne County Board of Supervisors filed the present Motion [13] for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that because it is "merely a servient department/extension of Wayne County, Mississippi[,]" it is not "capable of being sued separately from the County" and "all claims against 'Wayne County Board of Supervisors' must be dismissed[.]" Mot. [13] at 2 (citing *Rowry v. City of Meridian*, No. 3:22-cv-68-CWR-FKB, 2023 WL 2605021, at *2 (S.D. Miss. Mar. 22, 2023); *Cooley v. Forrest Cnty. Sheriff's Dep't*, No. 2:20-cv-5-KS-MTP, 2020 WL 5118054, at *3 (S.D. Miss. Aug. 31, 2020); *Smith v. Simpson Cnty., Mississippi*, No. 3:17-cv-1009-HSO-LRA, 2018 WL 8997441, at *2 (S.D. Miss. May 21, 2018); *Tuesno v. Jackson*, No. 5:08-cv-302-DCB-JMR, 2009 WL 1269750, at *1 (S.D. Miss. May 7, 2009); *Hammond v. Shepherd*, No. 3:05-cv-398-HTW-JCS, 2006 WL 1329507, at *1 (S.D. Miss. May 11, 2006); *Perkins v. Panola Cnty. Bd. of Supervisors*, 709 F. Supp. 3d 260, 268 (N.D. Miss. 2024)). Defendant Wayne County and the individual Defendants have also filed their own Motions [10], [15] for Judgment on the Pleadings. *See* Mot. [10], [15]. Plaintiff filed a single

2

Response [17] in opposition to all three Motions [10], [13], [15], but did not offer any argument in response to the issues raised in Defendant Wayne County Board of Supervisors' Motion [13].  *See* Resp. [17].

## II.  DISCUSSION

A.  Legal Standard

A court evaluates "a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010).  When presented with a motion to dismiss pursuant to Rule 12(b)(6), a court "must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face[.]" *Spitzberg v. Houston Am. Energy Corp.*, 758 F.3d 676, 683 (5th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff.  *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (citation omitted).  This tenet, however, is inapplicable to legal conclusions.  *Id.* (citation omitted).

B.  Analysis

Where the entity at issue is not an individual or a corporation, the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located[.]"  Fed. R. Civ. P. 17(b)(3). Courts in Mississippi have consistently held that departments of a county, such as a board of supervisors or a sheriff's department, have "no legal existence, or capacity to be sued, separate from the

County." *Cooley*, 2020 WL 5118054, at *3; *see also Hearn v. Bd. of Supervisors of Hinds Cnty., Miss.*, 575 F. App'x 239, 243 (5th Cir. 2014) ("Further, the district court correctly concluded Hinds County is the proper party, not its related departments—the Board of Supervisors or the Department of Public Works."); *Smith*, 2018 WL 8997441, at *2 ("This Court has concluded that a county board of supervisors is not a separate legal entity capable of being sued."); *Brown v. Thompson*, 927 So. 2d 733, 738 (Miss. 2006) ("The proper governmental entity to name as defendant in this suit is Bolivar County, not the Bolivar County Sheriff's Department, as the trial judge correctly found.").  Because Defendant Wayne County Board of Supervisors is not itself a separate legal entity capable of being sued, but is instead merely an extension of Defendant Wayne County, Mississippi, and because Plaintiff has not offered any argument contradicting the forgoing authority, Defendant Wayne County Board of Supervisors' Motion [13] should be granted.

III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Wayne County Board of Supervisors' Motion [13] for Judgment on the Pleadings is **GRANTED**, and Plaintiff Cooper Leggett's claims against Defendant Wayne County Board of Supervisors are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 16th day of January, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE